UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAZMYNE YBANEZ,

    *Plaintiff,*

    *v.*                                                      Case No: 2:25-cv-1902

MILWAUKEE COUNTY AND ASHLEY N. YACKS,

    *Defendants.*

---

## COMPLAINT

---

Plaintiff Jazmyne Ybanez, by her attorneys, Strang Bradley, LLC, for her complaint against Defendants Milwaukee County and Ashley Yacks, states:

## INTRODUCTION

1. This is a civil rights lawsuit brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Jazmyne Ybanez's constitutional right to be free from an unreasonable search in violation of the Fourth Amendment of the United States Constitution.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b)(2). Defendant Milwaukee County is a political subdivision of the state of Wisconsin located within this judicial district. The events giving rise to the claims asserted also occurred within the judicial district.

## PARTIES

4. Plaintiff Jazmyne Ybanez is an adult resident of the State of Wisconsin.

5. Defendant Ashley Yacks was, at the time of this occurrence, employed as a deputy sheriff with the Milwaukee County Sheriff's Office.

6. At all times Defendant Yacks interacted with Plaintiff Ybanez on August 23, 2023, she was acting under the color of state and local law.

7. At all times Defendant Yacks interacted with Plaintiff Ybanez on August 23, 2023, she was acting within the scope of her employment with the Milwaukee County Sheriff's Office.

8. Defendant Yacks is sued in her individual capacity.

9. Defendant Milwaukee County is a political subdivision of the state of Wisconsin and was the employer of Defendant Yacks and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

10. Defendant Milwaukee County is sued as an indemnitor.

## FACTS

11. On August 23, 2023, Milwaukee County Dispatch informed deputies of an alert for a stolen Blue Ford Escape with Wisconsin Plate 326ZUC.

12. Additionally, Milwaukee County Dispatch informed the deputies that the stolen vehicle would "possibly" be occupied by three children who had run away from a group home in Black River Falls, Wisconsin. Dispatch did not provide the deputies with the names or descriptions of the children.

13. An officer announced on his radio that he had located the unoccupied Ford Escape parked on Lincoln Memorial Drive.

14. Deputy Yacks responded to the scene of the unoccupied Ford Escape and later observed a group of four children crossing the street. Deputy Yacks reported that the children she observed were all black and were all boys.

15. A short time later, Deputy Yacks walked through a wooded area and came upon a group of four children: three white girls and one mixed-race boy. One of the girls was Jazmyne Ybanez.

16. Yacks seized the four children.

17. Yacks had no reason to believe Ybanez had stolen the Ford Escape, had run away from a group home, or had committed any other crime.

18. Yacks took down names and birthdates for each individual.

19. Yacks then told Ybanez to turn around.

20. Yacks searched Ybanez's pockets by putting her hands inside Ybanez's pockets to see what, if anything, was inside her pockets.

21. Yacks did not have a warrant to search Ybanez's pockets, and no exception to the warrant requirement permitted her to do so.

22. The search revealed nothing, and Deputy Yacks released Ybanez.

## COUNT 1:
## 42 U.S.C. § 1983 Claim for Unlawful Search

23. Plaintiff realleges the above paragraphs.

24. Defendant Yacks searched Ybanez's pockets. The search was unlawful because Ybanez did not consent, Yacks did not obtain a warrant, and there was no reason to believe Ybanez was involved in a crime, was dangerous, or was armed.

25. The intentional actions of Defendant Yacks in searching Ybanez's pockets without a warrant, consent, reasonable suspicion, or probable cause violated her Fourth Amendment right to be free from unreasonable searches.

26. As a direct and proximate result of Defendant Yacks's unlawful actions, Ybanez suffered damages including mental distress, humiliation, and invasion of privacy.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Yacks and because she acted in reckless disregard for Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

## COUNT 2:
## Indemnification Claim Against Milwaukee County

27. Plaintiff realleges the above paragraphs.

28. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable, for acts within the scope of their employment.

29. At all times relevant to this action, Defendant Yacks engaged in the conduct complained of while she was on duty and in the course and scope of her employment with Milwaukee County.

WHEREFORE, Plaintiff asks this Court to find that Milwaukee County is liable to defend this action against Defendant Yacks and to satisfy any judgment entered against her, by virtue of WIS. STAT. § 895.46.

## JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: 3 December 2025,

STRANG BRADLEY, LLC
Attorneys for Plaintiff

/s/ John H. Bradley
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
William E. Grau
  Wisconsin Bar No. 1089159
Strang Bradley, LLC
613 Williamson St., Suite 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
William@StrangBradley.com